IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

               ORDER

    Plaintiff,

               16-cv-238-bbc

  v.

DEPARTMENT OF WORKFORCE
DEVELOPMENT & DEPARTMENT
OF JUSTICE,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Patricia Williams has been granted leave to proceed without any prepayment of the filing fee. She alleges that Sheri Pollock of the Department of Workforce Development violated plaintiff's civil rights by taking a confidential letter relating to plaintiff out of a Department of Workforce Development file, transferring it to Anne Bensky, an employee of the state Department of Justice, and eventually to Dane County Circuit Judge John Markson. According to plaintiff, this action violated her civil rights under Title VII of the Civil Rights Act, the Americans with Disabilities Act and the Rehabilitation Act, caused plaintiff undue hardship in her Department of Workforce Development appeal process while participating in the Job Training Program and deprived her of a fair opportunity to benefit from her appeal to the Circuit Court for Dane County for vehicle reimbursements. In addition, she says, Anne Bensky failed to follow court procedures for filing a motion with

1

the court to add additional exhibits before the February 29, 2016 court hearing date. In a supplement, plaintiff alleges that the state court admitted the confidential letter into evidence without placing it under seal.

Plaintiff wants $1,5,000,000 in damages.

DISCUSSION

Plaintiff's claim that Bensky's and Pollock's actions deprived her of a fair hearing on her claims in the Circuit Court for Dane County is not one that this court can hear. Under the Rooker-Feldman doctrine, the lower federal courts have no authority to review state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Parties such as plaintiff who are claiming that actions in a state court proceeding or by a state court violated their constitutional rights must seek relief in the state courts. Remer v. Burlington Area School District, 205 F.3d 990, 996 (7th Cir. 2000).

Plaintiff's allegation that defendants took a confidential letter does not state a claim under Title VII, the Americans with Disabilities Act or the Rehabilitation Act. As a general rule, Title VII forbids discrimination against applicants or employees based on certain characteristics such as race or sex or for attempting to protest or correct allegedly discriminatory employment conditions. The Americans with Disabilities Act and the Rehabilitation Act prohibit discrimination on the basis of disability in employment and certain public programs, services and activities. Plaintiff does not allege that either

defendant discriminated against her because of her race, sex, disability or any other protected characteristic and she does not explain how defendants' alleged conduct relates to her employment or her participation in a public program, service or activity. However, before I dismiss plaintiff's case with prejudice, I will give her an opportunity to explain more clearly why she believes defendants violated her rights under these statutes.

ORDER

IT IS ORDERED that plaintiff Patricia Williams may have until May 27, 2016 in which to file an amended complaint in which she explains why she believes that her federal rights were violated by the taking of a letter from her confidential file at the Department of Workforce Development. If she fails to submit such an amended complaint, this case will be DISMISSED.

Entered this 13th day of May, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

3