IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                    Plaintiff,

    v.

DEPARTMENT OF WORKFORCE
DEVELOPMENT & DEPARTMENT
OF JUSTICE,

                    Defendants.

ORDER

16-cv-238-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Pro se plaintiff Patricia Williams has filed four new documents in response to the court's May 13, 2016 order dismissing her original complaint for failure to state a claim upon which relief may be granted. Because plaintiff's new documents suffer from the same defects as her original complaint, I am dismissing the case with prejudice and directing the clerk of court to enter judgment.

    In her amended complaint and three supplements, plaintiff repeats her allegation from her original complaint that lawyers for the Wisconsin Department of Justice took a "confidential" letter out of a "confidential" work file without plaintiff's permission and then used that letter in state court judicial proceedings. As she did in her original complaint, plaintiff asserts that the lawyer's conduct violated Title VII of the Civil Rights Act, the Rehabilitation Act and the Americans with Disabilities Act.

1

As I explained to plaintiff in the May 13, 2016 order, her allegations do not state a claim under any of the statutes that she cites.  Title VII applies to discriminatory acts taken by employers against an employee or applicant.  The Rehabilitation Act and the Americans with Disabilities Act apply to disability discrimination in the context of employment and certain public programs, services and activities.  Plaintiff does not allege in this case that defendants discriminated against her in any of these contexts.

Plaintiff's theory seems to be that the court proceedings were a public program, service or activity, but even if that is true, plaintiff has not stated a claim under the Rehabilitation Act or the Americans with Disabilities Act for several reasons.  First, use of an allegedly confidential document in court proceedings did not deny her access to a courthouse or to the judicial process.  Plaintiff may believe that she was treated unfairly, but federal disability law does not impose rules on the disclosure of documents in court proceedings.  Second, neither the Department of Justice nor the Department of Workforce Development is responsible for providing plaintiff access to the court, so neither entity could violate plaintiff's rights under federal disability law in that context.  Finally, plaintiff does not identify her alleged disability or explain how defendants' alleged conduct qualifies as disability discrimination.

If plaintiff believed that the Department of Justice improperly disclosed confidential documents, her remedy was to seek sanctions from the court hearing her case or to appeal any adverse decision that relied on the documents.  However, her allegations do not state a claim under the statutes she cites.   Because I am not aware of any other federal law that

could provide any relief to plaintiff, I am dismissing the case with prejudice.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Patricia Williams's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment and close this case.

Entered this 20th day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge